UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSUE CRUZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:20cv1432 (MPS) |
| CORRECTIONAL OFFICER ORTIZ, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **ORDER**

    The plaintiff, Josue Cruz, is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut as a pretrial detainee.[1] He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer Ortiz, Nurse Shayna, Nursing Supervisor Furtick, Dr. Naqvi, Captain Orozco, and Warden Barrone. He asserted claims that the defendants had allegedly failed to treat or facilitate the provision of treatment for injuries that he suffered to his ankle and thumb in November and December 2019. On January 15, 2021, the Court dismissed the complaint without prejudice because it did not include a request for relief as required by Rule 8(a)(3), Fed. R. Civ. P. and because the allegations that the defendants had been deliberately indifferent to this medical needs failed to state a claim upon which relief may be granted. *See* IRO, ECF No. 9. The Court permitted the plaintiff twenty days to file an amended complaint that included a request for relief and reasserted his Fourteenth Amendment claims that one or more of the defendants was deliberately or recklessly indifferent to his need for medical treatment for the injury to his right thumb and/or the injury to his left ankle. *Id*. at 7.

---

[1] State of Connecticut Department of Correction records reflect that the plaintiff was admitted to a prison facility within the Department of Correction as an arrestee on October 10, 2019 and that he has not been convicted or sentenced. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=279366. The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

The plaintiff has filed an amended complaint against Correctional Officers Ortiz and Coto, Nurse Shanya, Nursing Supervisor Furtick, Dr. Naqvi, Warden Barrone, and RCOO Shea. *See* ECF No. 10.  He reasserts allegations pertaining to an injury that he suffered to his right hand and thumb while playing basketball on November 10, 2019 and an injury that he suffered to his left ankle after he tripped and fell walking up the stairs on March 23, 2020. *Id*. at 8-12.  He contends that the defendants were deliberately indifferent to his need for treatment of these painful injuries.

Like the complaint, the amended complaint is deficient because it includes no request for relief of any kind.  As the Court explained to the plaintiff in its prior order dismissing the complaint, Federal Rule of Civil Procedure 8(a)(3) requires that a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief." *Id*.  Because the Court informed the plaintiff of the requirement that a complaint include a request for relief and the plaintiff has failed to correct this deficiency, the Court will dismiss the amended without prejudice for failure to comply with Rule Fed. R. Civ. P. 8(a)(3).

## Conclusion

The Amended Complaint, [**ECF No. 10**], is **DISMISSED** without prejudice because it does not include a request for relief as required by Rule 8, Fed. R. Civ, P.  The Clerk is directed to close this case.  If the plaintiff seeks to pursue the claims asserted in the amended complaint, he may file a motion to reopen and a second amended complaint that includes a request for relief and includes facts in support of his claims that the defendants were deliberately or recklessly indifferent to his need for medical treatment for the injury to his right thumb and hand and/or the injury to his left ankle.  If the plaintiff chooses to file a motion to reopen and second amended

complaint, the second amended complaint must assert facts to show how each defendant violated his constitutional rights and should include the dates on which the plaintiff requested medical treatment for his injury or injuries, either verbally or in writing, the dates that each defendant provided him with treatment and the type of treatment that he received, any written responses that he may have received from the defendants regarding his requests for treatment of his injury or injuries, the dates on which he filed medical grievances, and any responses that he received to the grievances.

      SO ORDERED at Hartford, Connecticut this 21st day of April, 2021.

                                                  _____/s/_____
                                                  Michael P. Shea
                                                  United States District Judge