UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSUE CRUZ,                            :
   *Plaintiff*,                       :
                                   :
   v.                                  :  CIVIL ACTION NO.
                                   :  3:20cv1432 (MPS)
CORRECTIONAL OFFICER ORTIZ, et al.,:
   *Defendants*,                      :

## **RULING AND ORDER**

The plaintiff, Josue Cruz, is an inmate in the custody of the Connecticut Department of Correction ("DOC"). He has initiated a civil rights case under 42 U.S.C. § 1983 against multiple DOC employees. *Compl.* ECF. No. 1.

The Court dismissed plaintiff's initial complaint but granted him leave to file an amended complaint. *Initial Review Order*, ECF No. 9 at 7. Plaintiff then filed an amended complaint. *Am Compl.*, ECF No. 10. The Court also dismissed this complaint, and, this time, closed plaintiff's case. *Order*, ECF No. 11 at 2. But, in closing this case, the Court granted plaintiff leave to file a motion to reopen and a second amended complaint. *Id.*

Plaintiff unsuccessfully attempted to reopen his case through the filing of a second amended complaint. *Sec. Am Compl.*, ECF No. 12; *Order*, ECF No. 15 at 3. But this Court granted leave to file a third amended complaint. ECF No. 15 at 3. Plaintiff now seeks to reopen his case through the filing of a third amended complaint. *Third Am. Compl.*, ECF No. 16. For the reasons set forth below, Plaintiff's third amended complaint is DISMISSED <u>with prejudice</u>.

**I.**    **Procedural Background**

On September 22, 2020, plaintiff filed a civil rights complaint against Correctional Officer Ortiz, Nurse Shayna, Nurse Supervisor Furtick, Dr. Naqvi, Captain Dorozco, and

Warden Barrone. ECF No. 1 at 1. The allegations of this complaint arose from thumb and ankle injuries that plaintiff suffered while held as a pretrial detainee at MacDougall-Walker Correctional Institution ("MacDougall-Walker"). *Id.* at 5-6. On January 15, 2021, the Court filed an initial review order that construed the complaint as bringing Fourteenth Amendment deliberate indifference claims against the defendants. ECF No. 9 at 4.

The Court dismissed the initial complaint for two reasons. *Id.* at 7. First, the Court noted that the complaint did not include a request for relief as required by Federal Rule of Civil Procedure 8. *Id.* Second, the Court ruled that the complaint failed to state any claim upon which relief could be granted. *Id.* In dismissing the complaint, the Court granted plaintiff leave to file an amended complaint that addressed his initial complaint's deficiencies. *Id.*

On February 16, 2021, plaintiff filed an amended complaint against Dr. Naqvi, Nurse Shanya, Nurse Supervisor Furtick, Correctional Officer Ortiz, Correctional Officer Coto, Warden Barrone, and RCOO Shea. ECF No. 10 at 1. But this complaint, like the first, did not include a request for relief. *Id.* at 6. For this reason, the Court dismissed the amended complaint. ECF No. 11 at 2. In its dismissal order, the Court closed this case but granted plaintiff leave to file a motion to reopen and a second amended complaint. *Id.*

On May 21, 2021, plaintiff filed a second amended complaint against Correctional Officer Ortiz, Correctional Officer Doe, Captain Dorozco, Warden Barrone, Nurse Shanya, and Dr. Naqvi. ECF No. 12 at 1. Again though, this complaint did not include a request for relief. *Id.* at 6. Thus, the Court dismissed this complaint as well. ECF No. 15 at 3. The Court granted plaintiff leave to file a third amended complaint that included a request for relief and a recitation of facts explaining how the defendants were deliberately or recklessly indifferent to his need for medical treatment. *Id.* The Court specifically instructed plaintiff that his third amended

complaint "should include the dates on which the plaintiff requested medical treatment for his injury or injuries, either verbally or in writing, the dates that each defendant provided him with treatment and the type of treatment that he received, any written responses that he may have received from the defendants regarding his requests for treatment of his injury or injuries, the dates on which he filed medical grievances, and any responses that he received to the grievances." *Id.* at 4.

On March 22, 2022, the plaintiff filed a third amended complaint against Captain Dorozco, Correctional Officer Ortiz, Correctional Officer Coto, Nurse Shanya, Dr. Naqvi, and Warden Barrone. ECF No. 16 at 1. This complaint seeks $200,000 in compensatory damages from the defendants, and, thus, complies with the Court's instruction to include a request for relief. *Id.* at 6.

## II.     Third Amended Complaint Allegations

In the fall of 2019, plaintiff was admitted to MacDougall-Walker as a pretrial detainee.[1] On November 10, 2019, plaintiff injured his right thumb while playing basketball. ECF No. 16 at 5. After sustaining this injury, plaintiff asked Officers Ortiz and Coto to be taken to the medical unit. *Id.* But the officers responded that plaintiff was not bleeding and that there was, thus, no emergency. *Id.* That evening, plaintiff's thumb became swollen, discolored, and painful. *Id.*

On the morning of November 11, 2019, plaintiff showed his thumb to Lieutenant Rule, and informed him that Officers Ortiz and Coto had not permitted him to go to the medical unit the day prior. *Id.* Lieutenant Rule advised plaintiff to ask Officer Brown to call the medical unit on his behalf. *Id.* Lieutenant Rule also told Plaintiff to write to Captain Dorozco about the

---

[1] State of Connecticut Department of Correction records reflect that plaintiff was admitted to MacDougall-Walker as an arrestee on October 10, 2019, and that he has not yet been sentenced for a crime. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=279366. The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F. 3d 161, 164 (2d Cir. 2012).

conduct of Officers Ortiz and Coto. *Id.* Plaintiff reports that he subsequently wrote to Captain Dorozco about the conduct of Officers Ortiz and Coto, but never received a response. *Id.*

Later in the morning of November 11, 2019, Officer Brown spoke to Nurse Shanya about plaintiff's desire to be seen in the medical unit. *Id.* at 6. Nurse Shanya then informed Officer Brown that she was too busy to see plaintiff. *Id.* Later in the day, another correctional officer informed Nurse Shanya of plaintiff's pain and his desire to be seen in the medical unit. *Id.* Nurse Shanya responded that plaintiff would need to wait to be seen. *Id.* That night, Nurse Shanya evaluated plaintiff's thumb injury. *Id.* She gave plaintiff ice for treatment but declined to prepare an incident report or refer plaintiff to see Doctor Naqvi. *Id.*

In subsequent days, plaintiff "kept complaining and writing" to unidentified persons with requests to be seen by Dr. Naqvi. *Id.* Plaintiff was, eventually, seen by Dr. Naqvi at some point in January of 2020. *Id.* After evaluating plaintiff's thumb injury, Dr. Naqvi declined to provide plaintiff with a wrist brace, refer plaintiff to an orthopedic specialist, or order physical therapy. *Id.*

Plaintiff asserts that, as of the filing of his third amended complaint, he continues to experience swelling, numbness, and pain from the thumb injury he sustained on November 10, 2019. *Id.* Plaintiff asserts that he wrote to Warden Barrone about the conduct of Officer Ortiz, Officer Coto, and Captain Dorozco but did not receive a response from her until just prior to the filing of his third amended complaint. *Id.* Plaintiff expresses vague dissatisfaction with Warden Barrone's response. *Id.*

**III.    Ruling**

Like the initial complaint, the Court construes the third amended complaint to bring claims that the defendants were deliberately indifferent to plaintiff's need for medical treatment.

Unlike the initial complaint though, the third amended complaint only brings claims related to plaintiff's thumb injury. All claims pertaining to an ankle injury have been abandoned.

In *Darnell v. Pineiro*, 849 F.3d 17 (2017), the Second Circuit held that claims pertaining to the conditions of a pretrial detainee's confinement in a state prison facility should be evaluated under the Fourteenth Amendment's Due Process Clause because "[a] [p]retrial detainee[] ha[s] not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Id.* at 29. The Second Circuit has applied the Fourteenth Amendment standard in *Darnell* to claims that prison officials or medical providers delayed or deprived a detainee of medical treatment for a serious condition. *See e.g., Roice v. Cty. of Fulton*, 803 F. App'x 429, 430, 432 (2d Cir. 2020) (summary order) (applying *Darnell's* Fourteenth Amendment standard to pretrial detainee's claim that prison medical providers failed to promptly treat his complaints of abdominal pain and nausea).

There are two prongs to a Fourteenth Amendment deliberate indifference to medical needs claim. *See Darnell*, 849 F.3d at 29. Under the first prong, a detainee must allege that his or her medical need or condition was "a serious one." *Brock v Wright*, 315 F.3d 158, 162 (2d Cir. 2003). A "sufficiently serious" deprivation may exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *Id.* at 162-63.

Under the second prong, a detainee must allege that the medical provider or prison official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to [him or her] even though the [prison]-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying

5

access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).

In the Court's initial review order, it concluded that an allegation of chronic hand pain essentially identical to one made in the third amended complaint was sufficient to plead the objective element of a Fourteenth Amendment deliberate indifference claim. ECF No. 9 at 5. Thus, the Court presumes, for the purposes of this order, that plaintiff's thumb injury is sufficiently serious to permit deliberate indifference claims to proceed against the currently named defendants. However, as it did in the initial review order, the Court finds that plaintiff has not alleged facts permitting an inference that the defendants were deliberately or recklessly indifferent to his need for medical treatment.

Plaintiff faults Officers Ortiz and Coto for not assessing his thumb injury as serious enough to warrant an immediate visit to the medical unit. But plaintiff has alleged no facts altering the Court's initial conclusion that this claim sounds in negligence. *Id.* In fact, because plaintiff's thumb exhibited no external signs of serious injury (swelling and discoloration) until following his interaction with Ortiz and Coto, it would be a stretch to conclude that the pleading permits even an inference of negligence.

Plaintiff faults Nurse Shayna for not evaluating his thumb injury immediately upon a request conveyed on the morning of November 11, 2019. But Nurse Shayna was able to see plaintiff on the day of his request. And her inability to immediately evaluate a swollen thumb is not indicative of a reckless disregard for health or safety. To the extent plaintiff faults Nurse Shayna for not referring him to a doctor, this reflects a mere disagreement over treatment that is insufficient to support a constitutional cause of action. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does

not create a constitutional claim.")

Plaintiff faults Dr. Naqvi for not providing him with a wrist brace, referring him to an orthopedic specialist, or ordering physical therapy. But plaintiff alleges no facts supporting an inference that such treatment was clearly warranted by his injury. And an inmate's mere disagreement with the treatment provided by a medical professional does not equate to constitutional violation. *See Chance*, 143 F.3d at 703.

Plaintiff brings a deliberate indifference claim against Captain Dorozco because she failed to respond to a letter in which plaintiff complained about the conduct of Officers Ortiz and Coto. But it is "well-established that a supervisor's failure to respond to a letter of complaint does not provide a sufficient basis to find that the defendant was personally involved in the deprivation alleged." *Lopez v. Chappius*, 2021 WL 859384 at *2 (W.D.N.Y. March 8, 2021) (citation omitted). And, in this case, plaintiff has not alleged facts sufficient to support an inference that Ortiz or Coto violated his constitutional rights. Thus, there is no established constitutional violation into which Captain Dorozco could have involved herself.

Finally, plaintiff brings a deliberate indifference claim against Warden Barrone because she untimely and (in plaintiff's view) insufficiently responded to a letter, or letters, complaining about the conduct of Ortiz, Coto, and Dorozco. Undermining this claim, plaintiff has not alleged facts supporting an inference that Ortiz, Coto, or Dorozco violated his constitutional rights. Thus, any presumed inadequacy in Warden Barrone's response to plaintiff's complaints cannot, itself, support a constitutional cause of action.

## CONCLUSION

The third amended complaint [**ECF No. 16**] is **DISMISSED** <u>with prejudice</u> because it fails to state any claims upon which relief may be granted. This case shall remain closed, and

7

plaintiff is not granted leave to file another amended complaint.

**SO ORDERED** at Hartford, Connecticut, this 22nd day of December 2022.

/s/
Michael P. Shea, U.S.D.J.